**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 22 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TONY GOLDTOOTH,

      Plaintiff - Appellant,

v.

UNITED STATES OFFICE OF NAVAJO
AND HOPI INDIAN RELOCATION,

      Defendant - Appellee.

No. 23-4202

D.C. No.
3:22-cv-08120-DLR

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted November 4, 2024
Phoenix, Arizona

Before: PAEZ, BERZON, and OWENS, Circuit Judges.

Tony Goldtooth appeals the district court's grant of summary judgment in

favor of the United States Office of Navajo and Hopi Indian Relocation

("ONHIR") and its decision denying Goldtooth relocation benefits under the

Navajo-Hopi Settlement Act, Pub. L. No. 93-531, 88 Stat. 1712 (1974). *See*

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*Clinton v. Babbitt*, 180 F.3d 1081, 1084 (9th Cir. 1999) (summarizing historical background). We have jurisdiction under 28 U.S.C. § 1291 and reverse and remand to the agency for further proceedings.

We review de novo the district court's grant of summary judgment. *Bedoni v. Navajo-Hopi Relocation Comm'n*, 878 F.2d 1119, 1122 (9th Cir. 1989). We may reverse "only if the agency action was arbitrary, capricious, an abuse of discretion, not in accordance with law, or unsupported by substantial evidence." *Id*. (citing 5 U.S.C. § 706(2)). "[A]n adverse credibility finding must be supported by specific, cogent reasons, and cannot be based on speculation and conjecture." *Beam v. Off. of Navajo & Hopi Indian Relocation*, 624 F. Supp. 3d 1069, 1077 (D. Ariz. 2022) (quoting *Shire v. Ashcroft*, 388 F.3d 1288, 1295 (9th Cir. 2004)). "When the decision of an [independent hearing officer ("IHO")] rests on a negative credibility evaluation, the [IHO] must make findings on the record and must support those findings by pointing to substantial evidence on the record." *Id*. at 1076 (quoting *Ceguerra v. Sec'y of Health & Hum. Servs.*, 933 F.2d 735, 738 (9th Cir. 1991)).

The IHO's finding that Tony Goldtooth was not credible in part was not supported by substantial evidence. The IHO failed to provide record-supported reasons for his conclusion that Goldtooth exaggerated his "visitation" to the Hopi Partitioned Lands ("HPL") during the relevant period.

23-4202

First, the IHO discredited Goldtooth's testimony by relying on purportedly inconsistent statements regarding his chapter membership and livestock ownership. Those statements were immaterial or not supported by the record.

Second, even accepting ONHIR's argument that the IHO did not wholly discard Goldtooth's testimony but instead weighed it against contradictory evidence, the agency's decision cannot be sustained because the IHO's identified contradictions were based on mischaracterizations of the record. For example, the IHO stated that Goldtooth's "witnesses [did] not support the frequency [of returns to the HPL] cited by the applicant," but one witness found credible by the IHO specifically corroborated Goldtooth's testimony as to how often he returned to assist his grandmother, and others testified consistently with Goldtooth's account. Further, the IHO reasoned that Goldtooth's "visitation to his grandmother occurred on [the Navajo Partitioned Lands ("NPL")]" because Goldtooth's grandmother "had two residences on NPL where she kept her livestock." But although Goldtooth's grandmother was enumerated at two locations on the NPL, the IHO could only speculate that she did not keep her livestock at the family homesite on the HPL, where Goldtooth and others testified she did.

Because the IHO's adverse credibility determination was not supported by substantial evidence, we reverse the district court's summary judgment and remand to the district court with instructions to remand this case to the agency to

reevaluate the credibility of Tony Goldtooth's testimony and determine his eligibility for relocation benefits accordingly. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1096 (9th Cir. 2009).

**REVERSED AND REMANDED.**